**BLUE PEARL MUSIC CORPORATION,**
Appellee,

v.

**Alberta BRADFORD, as Administratrix of the Estate of Alex E. Bradford, Deceased, Appellant.**

**Nos. 83–5139, 83–5237.**

United States Court of Appeals, Third Circuit.

Argued Jan. 27, 1984.

Decided March 5, 1984.

---

Moonyene S. Jackson (argued), Montclair, N.J., Brenda J. Saunders, Irvington, N.J., for appellant.

Before GIBBONS and BECKER, Circuit Judges, and DUMBAULD, District Judge.*

## OPINION OF THE COURT

BECKER, Circuit Judge.

This is a copyright infringement case that presents the question whether a court can order an infringer of a copyrighted musical work to re-create the work on pain of a contempt penalty because the copyright owner has lost all its copies of the work. Appellant Alberta Bradford is the executrix of the estate of her husband, Alex E. Bradford, who was the composer of the musical plays *Your Arm's Too Short to Box with God* and *Don't Cry Mary, or What's a Friend For,* both of which are involved in this lawsuit.[1] The two questions raised by these appeals—the first relating to the correctness of the denial of Mrs. Bradford's Rule 60(b) motion, and the second concerning the re-creation issue mentioned above—can be understood only against the background of the complex procedural history of this case, to which we now turn.

### I.

Plaintiff, Blue Pearl Corporation, was organized in 1975 and was originally owned equally by three shareholders, Richard Becker, Newton Burkett, Jr., and the composer, Alex E. Bradford. By assignment from Bradford, Blue Pearl acquired the copyrights to Bradford's musical compositions, including all rights to promote, license, or otherwise control them.

On February 27, 1981, after two prior lawsuits,[2] Blue Pearl filed suit against Alb-

Frederick L. Whitmer (argued), Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for appellee.

---

* Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1.  *Your Arm's Too Short to Box with God* was a Broadway hit and has had at least one nationwide run.

2.  In 1976 Burkett and Becker filed an action in Superior Court of New Jersey, Chancery Division, Union County, individually and as share-

holders, suing on behalf of Blue Pearl, against Bradford, Bradford's interest in Blue Pearl, and Broadcast Music, Inc. (BMI), arising out of Bradford's breach of his contract with Blue Pearl, his representing himself as sole owner of rights to his compositions, and his purporting to license compositions to BMI. That action was eventually settled.

In 1978 Becker purchased Burkett's one-third interest in Blue Pearl. In 1979 Blue Pearl filed

erta Bradford as executrix of the estate of her late husband, claiming continuing infringement of Blue Pearl's copyright to Alex Bradford's musical compositions. No appearance was entered on Mrs. Bradford's behalf in this suit and on June 26, 1981, the district court entered a default judgment against Mrs. Bradford. The court enjoined Mrs. Bradford from further infringement of plaintiff's copyright, directed her to turn over all lead sheets and other copyrightable materials in her possession to Blue Pearl, and required her to provide written notice of Blue Pearl's copyright to certain music publishing companies that Blue Pearl would identify. The final order also provided for a hearing on damages.

On November 12, 1981, the damages hearing was held. Mrs. Bradford again did not appear. On November 20, 1981, the magistrate issued a report and recommendation concluding that Blue Pearl had established seven separate instances of infringement by Mrs. Bradford, and that on each occasion Mrs. Bradford willfully infringed Blue Pearl's copyright. The magistrate recommended an award of damages pursuant to 17 U.S.C. § 504(c) in the amount of .$105,000. The district court adopted the report and recommendation and entered judgment in favor of Blue Pearl on December 1, 1981.

On November 19, 1982, Mrs. Bradford finally responded to Blue Pearl's lawsuit by filing an "Answer and counterclaim and demand for jury trial" and a separate "Motion to vacate and set aside judgment of damages and motion to vacate and set aside default judgment and to restore the matter to the active calendar." Blue Pearl made a cross-motion to hold Mrs. Bradford in contempt of court and for sanctions for her breach of the provisions of the June 1981 judgment. After a hearing the district court denied Mrs. Bradford's rule 60(b) motion to vacate and, on March 29, 1983, granted Blue Pearl's cross-motion for con-

tempt. Mrs. Bradford has appealed both decisions.

## II.

■ The first question presented by these appeals is whether the district court erred in denying Mrs. Bradford's motions under Rule 60(b) to vacate the default judgments enjoining her from further infringement of Blue Pearl's copyright and awarding damages. The district court's denial of the appellant's Rule 60(b) motion is reviewable only for abuse of discretion. *See In re Eastern Sugar Antitrust Litigation,* 697 F.2d 524, 528 (3d Cir.1982). We have carefully reviewed the record—the convoluted history of this case is adumbrated above and is more fully set out in the district court's comprehensive opinion—and conclude that, because of Mrs. Bradford's dilatory conduct and the lack of any justification for opening the judgment at this late date, the district court did not abuse its discretion in refusing to vacate the default judgments.

## III.

■ We have substantially more difficulty with Mrs. Bradford's second point, which arises in connection with her appeal from the district court's March 29, 1983, order and judgment holding her in contempt for failing to comply with the June 26, 1981, default judgment. Our concern centers on that portion of the contempt order that states:

IT IS ORDERED, ADJUDGED AND DECREED that, pending full compliance by defendant Alberta Bradford with this court's order of June 26, 1981, by delivering to plaintiff of all copyrighted materials in her possession or *by recreating* all copyrightable materials which were previously but are no longer in her possession and delivering same to plaintiff, including tapes of the materials, defendant

---

a copyright-infringement action in the District Court for the District of New Jersey against the present defendant Alberta Bradford and the estate of Alex E. Bradford. Defendants filed a third-party claim against Becker. In a settle-

ment conference before a magistrate, Mrs. Bradford acknowledged that Blue Pearl was the sole owner of all rights to Bradford's compositions. This action was also eventually settled.

Alberta Bradford shall deliver to the clerk of this court $50.00 for every day that she fails to comply with this order for as long as she remains in contempt until further order of this court, . . . . (emphasis added).

This order to re-create is not subsumed in either of the previous orders of the district court and therefore the appeal is timely.

In answer to our request for supplemental briefing on the issue of the authority of the district court to order a copyright infringer to re-create a copyrighted work,[3] the parties have been unable to cite us to any authority in either the copyright caselaw or any analogous area of the law that holds that the district court can order such relief.

This case is somewhat analogous to cases that discuss the availability of specific performance for breach of a personal services contract. The leading case that discusses the propriety of a court decree that orders a party to perform personal services is the classic contract-law case of *Lumley v. Wagner*, 42 Eng.Rep. 687 (1852) (court cannot order opera singer to sing). *Lumley* stands for the time-honored common-law rule that a plaintiff can recover damages for breach of a personal-services obligation, but a court will not order specific performance. *Lumley* and its progeny thus do not aid Blue Pearl.

Furthermore, there is nothing in the record that would support the extreme remedy of re-creation.[4] We therefore conclude that the district court exceeded its authority in ordering Mrs. Bradford to re-create the lost copyrighted works of her deceased husband.[5]

## IV.

For the reasons stated above, we will affirm the district court's denial of Mrs. Bradford's motion to vacate the default judgments. However, we will vacate the March 29, 1983, order to the extent that it requires Mrs. Bradford to "re-create" her deceased husband's copyrighted works,[6] and we will remand to the district court for

---

3. In addition to the question of the general propriety of an order to re-create a copyrighted work, we are also troubled by the vagueness of the order in this case. It is unclear from reading the order exactly what Mrs. Bradford is expected to re-create. Certainly the musical play *Your Arm's Too Short to Box with God* is such a famous and oft-performed musical that there are many copies of the work other than in Mrs. Bradford's head (if it is in fact in her head—an allegation her counsel denies). And, according to the record in this case, Blue Pearl has a videotaped copy of the musical work *Don't Cry Mary, or What's a Friend For* performed on television by Mrs. Bradford. Thus, Blue Pearl apparently has independent access to copies of the only two musical works of Mr. Bradford that are mentioned by name in the record of this case. The record seems to indicate that there may be other works of Alex Bradford that have been lost, but if it is these unnamed musical works that are the subject of the district court's re-creation order then the order is certainly too vague to survive appellate scrutiny.

4. If, for example, the record disclosed that the appellant had stolen the only copies of the musical works in question from the appellee and then destroyed them, and the record further disclosed that she had committed the works to memory, that she was technically competent to re-create them, and that she was the only person in the world who could re-create the lost material, then an order to "re-create" might arguably be permissible. However, we see no facts in the record even approaching this hypothesized scenario. Indeed, the record is curiously silent as to why Blue Pearl, the owner of the copyrighted works in question, no longer has any copies of the materials. Certainly there is nothing in the record that suggests that it is the appellant's fault that the appellee has lost all copies of Mr. Bradford's musical works.

5. We note by way of contrast with the order to re-create, that the district court's June 26, 1981, order requiring Mrs. Bradford to "forthwith deliver over to Blue Pearl Music Corporation all manuscripts, leadsheets, and other documents together with all copies thereof, which embody the literary, dramatic, choreographic, artistic, and/or other literary works of Alex E. Bradford, . . . .", is expressly authorized by the Copyright Act. *See* 17 U.S.C. § 503.

6. In her appeal Mrs. Bradford raises thirteenth amendment objections to the district court's re-creation order. We do not reach this constitutional contention because we vacate the re-creation order on the narrower ground that the district court abused its discretion.

further proceedings consistent with this opinion.[7]

---

**7.** The appendix prepared by the appellant did not contain all the materials required by court rule and was not properly paginated. For the convenience of the court, the appellee prepared a supplemental appendix that conformed with rule 30(a) of the Federal Rules of Appellate Procedure and rule 10(3) of this court. Since the cost of preparing an adequate appendix is normally borne by the appellant, *see* Fed.R. App. P. 30(b), we will order that the appellant reimburse the appellee for its cost in preparing the supplemental appendix.