**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3287
_____

MARLENE OSBORNE,
                                        Appellant

v.

UNIVERSITY OF DELAWARE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-16-cv-00704)
District Judge:  Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: May 19, 2020)
_____

OPINION*
_____

PER CURIAM

    Marlene Osborne appeals from the District Court's judgment on a jury verdict

against her and in favor of the University of Delaware.  We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Osborne has been employed by the University since 1996. In 2016, she filed suit against the University under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17, alleging that the University took certain adverse employment actions against her on the basis of her race. Osborne filed her complaint pro se, but she later retained counsel and was represented by counsel thereafter before the District Court.

The University answered Osborne's complaint and later filed a motion for summary judgment, which the District Court denied. Following additional discovery, the University filed another motion for summary judgment and the District Court denied that motion as well. The case then proceeded to a four-day jury trial at which Osborne testified and presented the testimony of six other witnesses. At the conclusion of the evidence, the jury found in favor of the University and the District Court entered judgment in the University's favor. Osborne appeals pro se. We have jurisdiction under 28 U.S.C. § 1291.

II.

Osborne argues on appeal that the jury must have been confused by or failed to apply the District Court's instructions because she presented enough evidence to carry her burden of proof but the jury found in favor of the University instead. In that regard, Osborne's briefs are devoted largely to arguing the facts (though without reference to the trial evidence)[1] rather than to legal issues that might state a basis for relief on appeal.

---

[1] Osborne did not order the trial transcript as required for most of her challenges by Fed. R. App. P. 10(b)(1)(A), and she did not provide a copy of the transcript in her appendix

Nevertheless, we liberally construe Osborne's briefs as raising three issues. The University argues that Osborne has failed to preserve them and that they lack merit in any event. We agree on both counts.

Osborne's first two challenges are to the jury instructions. As a preliminary matter, the University argues that Osborne has waived these challenges by jointly submitting the proposed instructions below and by otherwise failing to object to the instructions she now challenges. Osborne has not argued otherwise, and we tend to agree. See Robinson v. First State Cmty. Action Agency, 920 F.3d 182, 189 (3d Cir.), cert. denied, 140 S. Ct. 464 (2019).

Even if Osborne's failure to object below[2] were deemed a forfeiture rather than a waiver, however, her failure to object would mean that we could review these issues only for plain error. See Alexander v. Riga, 208 F.3d 419, 426 (3d Cir. 2000); Fed. R. Civ. P. 51(d)(2). We exercise that discretionary review "sparingly" to grant relief from erroneous civil jury instructions only "where the error (1) is fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a

---

as required by Fed. R. App. P. 10(b)(2), Fed. R. App. P. 30(a)(1)(D), and 3d Cir. L.A.R. 30.3(a) (2011). Osborne also does not cite or refer to any evidence presented at trial. Instead, she relies primarily on the District Court's opinion explaining its denial of the University's second motion for summary judgment. Even if citing that opinion were adequate to cite the "parts of the record on which the appellant relies" as required by Fed. R. App. P. 28(a)(8)(A), the summary judgment record has been superseded by the trial record. See Ortiz v. Jordan, 562 U.S. 180, 184 (2011); Bryan v. Erie Cty. Office of Children & Youth, 752 F.3d 316, 323 (3d Cir. 2014).

[2] We use the term "failure" in this context solely for purposes of issue preservation and without implying any dereliction on the part of Osborne's counsel. As discussed herein, Osborne has not shown that there is any basis for the challenges she raises on appeal.

fundamental question and (2) our failure to consider the error would result in a

miscarriage of justice." Alexander, 208 F.3d at 426-27.

Osborne has not raised anything approaching this standard. First, she notes that

the District Court, at the pretrial conference, observed that the parties' proposed

preliminary instruction on the burden-shifting framework under McDonnell Douglas

Corp. v. Green, 411 U.S. 792 (1973), did not include the entire Third Circuit Model Jury

Instruction on that point. As the University argues, however, the District Court went on

to provide the complete instruction at trial. Osborne does not challenge the instruction

actually given, and it was correct.[3]

Second, Osborne argues largely in passing that the District Court erred in

instructing the jury only on a "pretext" theory of discrimination without also instructing it

on a "mixed-motive" theory. Both are viable theories of recovery under Title VII,

depending on the evidence adduced at trial. See Connelly v. Lane Constr. Corp., 809

F.3d 780, 787-88 (3d Cir. 2016). As the University argues, however, Osborne never

requested a mixed-motive instruction below and instead affirmatively proposed

instructions containing only a charge on the pretext theory, which was the only theory

---

[3] The University argues that the instruction mirrors the Third Circuit Model Jury
Instruction on this point. That is true, but it does not necessarily mean that the instruction
was correct. See Robinson, 920 F.3d at 189-90. In this case, however, it was. The
portion of the instruction in question that the parties initially omitted, but that the District
Court ultimately gave, reads in relevant part: "If you disbelieve the University's stated
reason for its conduct, or find that the stated reason is a pretext, then you may, but need
not, find that Ms. Osborne has proved intentional discrimination." (Supp. App'x at 415;
N.T., 9/11/2019, at 506:21-24.) That is an accurate statement of the law. See Watson v.
SEPTA, 207 F.3d 207, 221 (3d Cir. 2000) (citing Smith v. Borough of Wilkinsburg, 147
F.3d 272, 280 (3d Cir. 1998)).

under which she proceeded at trial. Osborne also has not raised anything suggesting that the absence of a mixed-motive instruction constitutes plain error. To the contrary, Osborne continues to expressly frame her factual challenges in terms of pretext rather than mixed motive, and she does not cite or refer to any trial evidence suggesting that a mixed-motive instruction might have allowed the jury to find in her favor.

In addition to these challenges, Osborne argues that the jury should have found in her favor because her evidence was so compelling. Osborne does not specify whether her challenge is based on the sufficiency or the weight of the evidence. Either way, however, Osborne did not preserve this challenge by filing a post-verdict motion with the District Court under Fed. R. Civ. P. 50 or 59. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006).

And either way, Osborne once again has not cited or referred to any trial evidence in support of this argument. Thus, she has not shown that a new trial is warranted because the jury's verdict was against the weight of the evidence. See Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3d Cir. 1999) (explaining that "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience"). Still less has she shown that this is "the very rare case" in which the jury was required, as a matter of law, to find in favor of the party with the ultimate burden of persuasion. Id. at 365 n.11. Instead, Osborne's arguments reflect little more than disagreement with the jury's verdict. That is not a basis

5

for relief on appeal.  In any event, the University argues that the jury could have rejected Osborne's claim for any or all of several permissible reasons.  We agree.[4]

III.

For these reasons, we will affirm the judgment of the District Court.  The University's motion to include the costs associated with its supplemental appendix as part of the taxable costs in this matter is granted.[5]

---

[4] Osborne's primary argument appears to be that the University's stated reasons for the personnel decisions in question were unworthy of credence.  Even taking Osborne's unsupported assertions in this regard at face value, that point by itself would not necessarily have been sufficient to carry her ultimate burden of proving discrimination. See Watson, 207 F.3d at 221.  That point aside, the jury could have based its decision on any number of factors that were uniquely within the jury's province to consider, including reasonable inferences from the record and credibility determinations.

[5] We grant the University's motion pursuant to "the general rule that costs are taxed in favor of prevailing parties and against losing parties." In re Penn Cent. Transp. Co., 630 F.2d 183, 188 (3d Cir. 1980); see also Fed. R. App. P. 39(a)(2).  The University asks us to award it, as part of those costs, the costs associated with its supplemental appendix. As noted above, Osborne's own appendix does not include the trial transcript necessary for review of most of her arguments.  The University's supplemental appendix includes the transcript and other materials, and it asks us to include those costs in our award because the cost of preparing an adequate appendix typically is borne by the appellant. See Fed. R. App. P. 30(b)(2).  We have taken that approach in other cases. See, e.g., Blue Pearl Music Corp. v. Bradford, 728 F.2d 603, 607 n.7 (3d Cir. 1984).  Osborne has not responded to the University's motion and has not otherwise argued that this approach is unfair in this case.  Thus, we will grant the University's motion.  As our Clerk has notified the University, however, it is not entitled to costs for documents included in the supplemental appendix that are duplicative of those contained in Osborne's appendix.